UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                  **DECISION AND ORDER**

MICHAEL BERND KREIDER                06-CR-00251-S

           Defendant.

## I.  INTRODUCTION

Currently before me are the Government's motion for reconsideration of this Court's decision on venue for an unlawful entry charge in violation of 8 U.S.C. § 1326 (Docket No. 27), Defendant's motion to preclude the Government from presenting videotape evidence or testimony regarding his July 20, 2006 statements (Docket No. 34), and Defendant's motion to dismiss Count Two of the Indictment (Docket No. 40).  For the following reasons, the Government's motion for reconsideration is denied, Defendant's motion to preclude is granted in part and denied in part, and Defendant's motion to dismiss is denied.

## II.  BACKGROUND

On July 20, 2006, Defendant was on a bus traveling from the United States to Canada via the Peace Bridge.  (DH[1] 11, 14, 15, 18.)  Canadian Immigration called U.S. Customs and Border Inspection to verify whether Defendant was a permanent resident of the U.S. as he stated to a Canadian Immigration officer.  (DH 11.)  After U.S. officials advised that Defendant was not a permanent U.S. resident as claimed, he was denied

---

[1] Citations to "DH __" refer to the transcript of the detention hearing before Judge Scott on July 28, 2006.  (Docket No. 19, Ex. N.)

admission to Canada and the bus in which he was traveling was sent back to the U.S. side of the Peace Bridge. (DH 11, 14, 15, 18.) Once there, Defendant was interviewed by William Schoenrock, a U.S. Customs and Border Protection enforcement officer. (DH 11, 20.) Defendant stated that he had entered the United States in July of 2003, hidden in the trunk of his wife's vehicle. (DH 20.)

### III.  DISCUSSION

**A.    The Government's Motion for Reconsideration.**

The Government claims that, on September 5, 2006, it incorrectly conceded that venue for an unlawful entry charge in violation of section 1326(a) is proper only in the judicial district where the entry actually occurred. The Government now takes the position that an unlawful entry is a continuing offense which can be venued in the district where the defendant was ultimately apprehended.

Defendant argues that only the 'found in' violation is a continuing offense and that attempted entry and entry are complete upon their occurrence. Having reviewed the authority previously presented on the motion *in limine*, and the additional cases cited on the motion for reconsideration, I agree with Defendant.

An illegal entry can constitute a distinct offense in and of itself, or it may serve as the predicate act to a 'found in' violation. There is no dispute here that a charge of 'found in,' as alleged in Count One, is a continuing offense and venue is proper in the Western District of New York if Defendant was found here.

However, numerous cases, including those cited by Defendant, have concluded that the offense of unlawful entry is complete when it occurs. See United States v. Cores, 356

U.S. 405, 2 L. Ed. 2d 873, 408 n.6 (1958) ("crimes of illegal entry set out in . . . 8 U.S.C. §§ 1325 [and] 1326 . . . are not continuing ones, as 'entry' is limited to a particular locality and hardly suggests continuity"); United States v. Gomez, 38 F.3d 1031, 1034 (8th Cir. 1994) ("The offenses of entry and attempted entry are complete when the deported alien enters or attempts to enter . . . .  In contrast . . . , a 'found in' violation is a continuing violation that is not complete until the alien is 'discovered' by immigration authorities.") (citing United States v. DiSantillo, 615 F.2d 128, 135, 137 (3d Cir. 1980)); *see also*, United States v. Rivera-Ventura, 72 F.3d 277, 281 (2d Cir. 1995) ("The offense of illegal entry or illegal attempt . . . is complete as soon as the entry or attempt is made.")

It is beyond dispute that a criminal defendant has the right to be tried where the crime allegedly was committed. CONSTITUTION OF THE UNITED STATES, article III, section 2 and Sixth Amendment; Fed. R. Crim. P. 18.  In determining where a crime was committed for venue purposes, "a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts. United States v. Rodriguez-Moreno, 526 U.S. 275, 119 S. Ct. 1239, 143 L. Ed. 2d 388 (1999).  All aspects of an unlawful entry are complete with the entry itself, and I find that venue is proper only where the entry occurred.

As the Second Circuit noted in United States v. Whittaker, 999 F.2d 38, 42 (2d Cir. 1993), there are two ways in which a previously deported alien may reenter the United States; first, through a recognized INS port of entry where the alien's status should have been detected but for some reason was not; and second, by a surreptitious entry.  It was this second situation that caused Congress to add the 'found in' language to the Act in 1972.  The 'found in' offense, which is a continuing violation, addresses both the statute

3

of limitations and venue problems attendant to a surreptitious entry that is undetected by authorities.

In sum, an unlawful entry is treated as a continuing violation only to the extent it is alleged to be the predicate act to a 'found in' offense, as is charged in Count One of the Indictment. To the extent the Government wishes to pursue unlawful entry as a separate offense, as is charged in Count Two, it must be prepared to show that the entry itself occurred somewhere in the Western District of New York. Accordingly, the Government's motion for reconsideration is denied.

**B.     Defendant's Motion to Preclude Videotape and Testimony**

On September 7, 2006, the Government filed notice that counsel became aware on that date of the existence of a VCR recording of Defendant's July 20, 2006 interview in a holding room at the Peace Bridge Port-of-Entry.

Defendant seeks to preclude the tape and any evidence or testimony regarding the July 20, 2006 interview on the grounds that the late disclosure violates Rule 16 of the Federal Rules of Criminal Procedure and prejudices Defendant. The Government contends that no prejudice exists because Defendant was notified during the pendency of the criminal complaint of the substance of what the Government would present regarding that interview; namely, Defendant's admission that he had previously entered the United States unlawfully, in or about July 2003, in the trunk of a vehicle driven by his wife.

It is apparent from Defendant's pretrial submissions that Defendant was on notice, from at least the time of his detention hearing, of the Government's intent to introduce

testimony regarding Defendant's July 20, 2006 admission.  There certainly is no basis to preclude such testimony at trial.

However, the videotape is another matter.  As Defendant notes, the Government has interviewed Officer Schoenrock, who conducted the July 20, 2006 interview of Defendant, on more than one occasion.  By exercising a scintilla of due diligence, the Government could and should have discovered the existence of the videotape at least by July 28, 2006, when Officer Schoenrock testified at Defendant's detention hearing.

Because of the Government's lack of due diligence in complying with its Fed. R. Crim. P. 16 disclosure obligations, it is precluded from using the videotape in its direct case.  However, the Government will not be precluded from using the videotape on cross-examination of defense witnesses, if appropriate.

**C.     Defendant's Motion to Dismiss Count Two of the Indictment as Inadequate**

Defendant concedes that Count Two of the Indictment recites the essential elements of an unlawful entry charge.  However, Defendant contends that because the Indictment does not specifically allege the when and where of the unlawful entry, in the event of acquittal he could not effectively plead a double jeopardy bar should he later be charged with unlawful reentry in this district or some other district.

Rule 7 of the Federal Rules of Criminal Procedure provides that "[t]he indictment or information must be a plain, concise and definite written statement of the essential facts constituting the offense charged."  "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."  United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998).  Here, all the

elements are alleged, the time is given in approximate (albeit, broad) terms and the place, though not stated, must be in the Western District of New York pursuant to this Court's decision on venue.

Contrary to Defendant's contention, this Court finds that possible concerns over the broad time period alleged in Count Two are alleviated by looking at the record as a whole, which provides sufficient protection from double jeopardy in a subsequent prosecution. United States v. Walsh, 194 F.3d 37, 45 (2d Cir. 1999).  It is evident that Count Two is based on a surreptitious entry occurring in or about July 2003.  That provides sufficient protection from subsequent prosecution in this District.  In light of this Court's ruling on venue, a prosecution in another district would, of necessity, involve a different unlawful entry.  Accordingly, Defendant's motion to dismiss Count Two of the Indictment is denied.

## IV. CONCLUSION

For the reasons stated, the Government's motion for reconsideration (Docket No. 27) is denied, Defendant's motion for preclusion (Docket No. 34) is granted in part in that the Government is precluded from using the July 20, 2006 videotape in its direct case and denied in all other respects, and Defendant's motion to dismiss Count Two of the Indictment (Docket No. 40) is denied.

    SO ORDERED

Dated:  September 11, 2006
       Buffalo, New York

                             /s/William M. Skretny
                             WILLIAM M. SKRETNY
                             United States District Judge